

# REVELLINO & BYCZEK LLP
*Attorneys and Counselors at Law*

**Fountains at Lake Success**
**3000 Marcus Avenue • Suite 3e7**
**Lake Success, New York 11042**
(516) 358-1700 • Facsimile (516) 358-6249
E-Mail: Info@cblawyers.net

DOMINICK REVELLINO
CHRISTOPHER S. BYCZEK*

*MEMBER OF NY AND FL BAR
**MEMBER OF NY AND CT BAR

OF COUNSEL

ANTHONY MAHONEY
ROCCO G. AVALLONE**
CHRISTOPHER BELLISTRI

November 7, 2016

**Via ECF**
Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Aronov, et al. v. City of New York
      Docket No. 14 Civ. 6952

Dear Judge Orenstein,

  I respond on behalf of the firm, to Mr. Fleming's letter of disapproval with our submissions for discovery.

  First, I wish to express to the Court that had Mr. Fleming simply phoned our office with his concerns prior to his letter; this correspondence necessitated by his letter, could have been avoided and the Court's time and attention not wasted on what I believe is an over-reaction to an assumed lack of cooperation on Plaintiff's part. I wish to address the timeline on this case, as Judge Donnelly only decided the City's Motion to Dismiss on September 8th, and Plaintiff's filed an Amended Complaint on October 20th. The City filed their Answer to Amended Complaint on November 3rd, which was one business day before discovery was set to close.

  With all due respect to defense counsel, Plaintiffs have not been dilatory or in any way contemptuous of the rules of the court. Defense counsels "perception" that the plaintiff's testimony is incongruent as to the instructions given by our firm to preserve evidence is just that, a "perception." I would submit that they each had their own interpretation of the instructions. If they each repeated the instruction verbatim counsel would no doubt be arguing that they were verbatim because they were force fed words by their attorney. In any event, the entire issue was resolved by the court as "moot" and plaintiffs have turned over everything they each have in the way of video, audio or still photographs.

As of the date of this letter, authorizations have been turned over, the protective order signed and turned over and the Rule 26 has been served via electronic mail and hard copy by USPS mail.

As this Court is astutely aware, this entire lawsuit is virtually identical to Cardenas and from a fact finding point of view, it was complete when NYC settled the matter with Cardenas a week before they even filed their answer on the Aronov et.al matter herein. Defense counsel's attempt to discredit plaintiff's efforts to disclose by pointing out that the videos and audios turned over by plaintiffs herein were turned over by defense counsel at their depositions, is disingenuous at best. Defense counsel only had them because plaintiffs herein turned them over to Ann Cardenas. Again, it seems much ado about nothing and now another copy has been turned over to satisfy Mr. Fleming's insistence.

With respect to the Rule 26 Initial Disclosures, I've forwarded to Mr. Fleming as of the date of this letter.

The lack of service of the Rule 26 Initial Disclosures was merely an oversight as I assumed if we were at the point of discovery demands, that surely Mr. Fleming and the City of New York had received the Rule 26 from our firm many months ago, but it must have been an oversight and as such I've ensured they have received as of today. Of course, it includes all the same documents that were in our response to document demands as a part of discovery.

With respect to Mr. Fleming's disapproval of submitting a combination response to document demands, we simply ,for Defendant's convenience, were consolidating the responses to the exact verbatim demands that they copied four times. In the responses, we have clearly delineated individualized answers where appropriate for each Plaintiff, and the only demand that applies to is the request for medical information. We can surely send four copies of the repeated document disclosures should Mr. Fleming require.

Speaking to the lack of document demands of the City, it is intentional that we are not burdening the City with document demands as we are confident we have all necessary documents.  As we try to not burden any of our defendant's counsel with unnecessary duplications, we purposefully did not require any document demands for the Aronov et. al v. City of New York matter .

In regards to the preservation of electronic discovery on previously disposed cell phones, with all due respect, Mr. Fleming's insistence on mentioning the topic that this Court has already decided on and advised as "moot", is repetitive. As made abundantly clear at the last conference, our clients have produced all electronic data that they were able to retrieve at this point and the lack of client's understanding that old cell phones were to be kept, despite our office maintaining we had informed them, has already been addressed. Our firm's position on the issue remains the same as the last time it was discussed at Mr. Fleming's request of the Court, and each and every time he has continued to bring it up since then.

   Lastly, Mr. Fleming mentions the depositions, and I wish to remind the Court that we cooperated as best we could to work with all 4 NYPD officer's and their duty schedules to appear for NON-PARTY depositions at which they had to take yet another day off duty to appear for a docket of Ann Cardenas', that had been severed by this Court from their own docket. Mr. Fleming asserts our refusal to cooperate, though each and every Plaintiff eventually appeared at a second deposition, and our office has maintained efforts to coordinate with all of them to meet the City's demands for depositions.

   I close by stating again that Plaintiffs nor Plaintiff's counsel in our firm are in any way attempting to avoid cooperation with The City of New York. On the contrary, Plaintiffs are very interested in finalizing this litigation with an amicable resolution. In fact, counsel are in active settlement negotiations and I would ask the Court to schedule a settlement conference on this matter at the Court's convenience so that we can avoid unnecessary letters of court intervention and focus on the outcome of this litigation, instead of unnecessarily prolonging it with duplicative discovery concerns.

                               Respectfully submitted,

                                *Dominick Revellino*

                                Dominick Revellino
                                Partner

Cc: Michael Fleming, Esq (ECF and USPS)