
| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | MICHAEL F. FLEMING<br>Labor & Employment Law Division<br>phone: (212) 356-2471<br>fax: (212) 356-2438 (not for service)<br>email: mfleming@law.nyc.gov |
|---|---|---|

November 14, 2016

**Via ECF**
Honorable James Orenstein
United States Magistrate Judge
United States District Court - Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Cardenas, et al. v. City of New York et al.</u>
       No. 14-CV-6952 (KAM)(JO)

Dear Judge Orenstein:

    I write, on behalf of defendants City of New York ("City"), Waheed Akhter (sued herein as "Lieutenant Ahktar"), Jose Mercado (sued herein as "Sergeant Mercado"), Tara King and Angel Colon (collectively "City Defendants") in <u>Cardenas, et al. v. City of New York et al.</u> (14-CV-6952) (hereinafter, "<u>Aronov</u>"), in response to the letter submitted by counsel of record for the <u>Aronov</u> plaintiffs (<u>see</u> ECF Dkt. No 67). Preliminarily, I note that per the operative scheduling order, the parties are already scheduled to discuss settlement at the Pretrial Conference scheduled for November 18, 2016 at 9:30 a.m., although it is unclear to the City Defendants if that conference remains scheduled in light of the Court's recently scheduling of a status conference for 2 p.m. that same day.

    Should both conferences remain on the Court's schedule, the City Defendant's wish to make the Court aware that despite plaintiffs' counsel's representation that the parties are in "active settlement negotiations," their settlement positions are drastically far apart. Plaintiffs' counsel's purported belief that the disposition of Ann Cardenas's lawsuit has any import on his client's claims is especially troubling. The City Defendants submit that if the Court is inclined to grant City Defendants leave to make their requested motion for sanctions, the scheduled pretrial conference, at least to the extent that settlement would be discussed, would not be a productive use of the Court's or the parties' time.

    I also feel obligated to briefly address various misrepresentations set forth in plaintiffs' counsel's letter regarding the state of discovery in this case. First, to the extent counsel represents that the "issues" could be addressed by a phone call to his offices, I detailed

the City Defendant's efforts to resolve these issues in my November 4, 2016 letter. I spoke, in person, with counsel's associate Anthony Mahoney on a number of occasions over the past month in an effort to resolve the outstanding discovery issues without the need for the Court's involvement. It is unclear why this method of communicating is insufficient for counsel.

Regarding counsel's repeated representation that the ESI issue was declared "moot" by the Court, I am aware of no such finding. At the conference held on July 28, 2016, Your Honor indicated that he was "terribly concerned" about plaintiffs' representations as to their preservation efforts to date. I would represent to the Court that, far from being an issue of "perception," all four plaintiffs testified that they were never told by their attorneys to retain their cell phones and three of the four plaintiffs testified that they were never told by counsel about any duty to preserve any evidence related to their claims. The plaintiffs – based on their own testimony and on evidence produced by Ann Cardenas and David John – all appear to have engaged in regular communication via text message regarding the claims in this lawsuit and the lawsuit itself and none are able to produce any of those messages. This issue is far from "moot" and has serious implications for this litigation going forward. Notably, the evidence provided by Cardenas and John establish that Plaintiff Szumilo engaged in many of the same kinds of derogatory conversations that he has accused John of engaging in – including disparaging the other plaintiffs' races, ethnicities and religious beliefs – and when he was deposed in this action Szumilo testified it was likely that there were other text communications between members of the Conditions Unit that reflected the same kinds of behaviors. These facts support the City Defendants' position that the plaintiffs were, to varying degrees, complicit in the misbehavior of David John and the electronic evidence they presented tells a skewed version of the work environment of the Conditions Unit, because plaintiffs selectively disclosed relevant evidence.

Finally, regarding counsel's representation that plaintiffs have otherwise responded, in good faith, to the City Defendants discovery requests, the record indicates that plaintiffs have regularly declined to respond to simple discovery requests until their deficiencies were brought to the Court's attention and, when a response is given, it has generally required supplementation. Plaintiffs' recent promise to provide a second flash drive is but one example. To date, I have not have not received the flash drive referred to in counsel's November 7, 2016 letter. I cannot represent to the Court one way or the other whether the City Defendants believe the documents contained on that flash drive contain all of the documents which plaintiffs have represented are in their possession or in their attorneys possession. I am concerned that the documents that are purportedly on this flash drive were not previously produced to the City Defendants, potentially depriving defendants of an opportunity to question Plaintiff's about these materials at their depositions. I am further concerned by counsel's representation that his clients previously provided documents to Ann Cardenas, but did not make a subsequent disclosure to the defendants.

Respectfully submitted,<br>
/s/<br>
Michael F. Fleming<br>
Assistant Corporation Counsel

CC: Anthony Mahoney, Esq. (via ECF)
Revellino & Byczek, LLP
Attorneys for Plaintiffs

Anthony DiFiore, Esq. (via ECF)
The Quinn Law Firm
Attorney for Defendant David John